EX PARTE BRAC, PETITIONER AND APPELLANT (PEOPLE, CONTESTANT AND APPELLEE).

APPEAL from the District Court of San Juan in a Dominion Title Proceeding.

No. 2052.—Decided April 20, 1920.

APPEAL—TRANSCRIPT OF RECORD.—The Supreme Court will not interfere with the weighing of the evidence by the lower court when the transcript of the record does not contain or is not accompanied by the evidence examined at the trial.

The facts are stated in the opinion.

*Mr. E. Rincón* for the appellant.

*Messrs. L. Campillo,* District Attorney, and *R. Díaz Collazo,* Assistant District Attorney, for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public instrument of September 1, 1879, recorded in the registry of property, María Guadalupe Escalera sold to Juan Villarán for the sum of $125 one and a half acres of land in the old ward of Cangrejos of this city and in order to establish his dominion title to a part of said land which he had purchased from Villarán, Arturo Brac Brignoni instituted dominion title proceedings in the District Court of San Juan, Section 1, under article 395 of the Mortgage Law.

Brac Brignoni alleges that after segregations from the property owned by Villarán there remained 1.19 acres which Villarán sold to him by a private document, but that as the original property had an area of 1.19 acres more than the area given in the public instrument of September, 1879, the result was that although this surplus, the parcel purchased by Brac Brignoni, is recorded in the registry as a part of

the original property, its area was not given separately and therefore Brac Brignoni's title of purchase was not recordable in the registry.

After the oral and documentary evidence had been examined the *fiscal* opposed the approval of the proceedings and on March 5, 1919, the court denied the petition, stating in the opinion delivered that the documentary evidence, consisting of a plan, did not establish the identity of the property and that the oral evidence was not convincing. The petitioner appealed from that decision and contends that the court erred in weighing the evidence.

The statement of the case is defective, for it does not contain a copy of the plan introduced in evidence, nor has the original plan been sent up to this court. The appellant should have submitted to this court all of the evidence upon which the court below based its findings of fact, thus placing us in the same position as that of the lower court, and he having failed to do this, we must accept the said findings as correct. *Ríos et al.* v. *Ríos,* 16 P. R. R. 129, and *Río* v. *Vázquez,* 17 P. R. R. 644.

We have examined the original petition in the proceedings and doubt, but do not so hold because the question has not been raised, that the proceeding instituted is the proper means of obtaining the record of the ownership of the property which, according to appellant's statement, is already recorded in the registry in the name of his vendor, inasmuch as the main property of which it is the residue after various segregations is so recorded.

The order appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.